In the Matter of the Claim of MICHAEL CARSON, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award of compensation for a 40% schedule loss of the right hand and 30% loss of the left hand. The sole issue raised on appeal is whether claimant's disability resulted from an occupational disease under the provisions of the Workmen's Compensation Law. The employer was engaged in the transportation business and claimant worked for it and its predecessors for a continuous period of 26 years. During the course of that period he was required to exert pressure on the palms of his hands in the course of manipulating iron bars and sledge hammers and also to open and close valves by hand in order to maintain a proper water level in boilers. There were other activities, such as the use of levers in lifting operations. On April 12, 1954, claimant first consulted a physician. It was found that he had a contracture of the fascia of both hands. In May, 1954 his condition was diagnosed as Dupuytren's Contracture of both hands which had developed over a period of 14 years. On or about July 12, 1954 claimant was obliged to retire because of this disability. Appellant contends on appeal that claimant's disability from this condition was not causally related to his employment and did not constitute an occupational disease. We find in the record substantial medical evidence establishing that claimant's condition of Dupuytren's Contracture was caused and aggravated by the nature and conditions of his employment. On both the lay and medical evidence the board was justified in resolving the issue as one of fact in the claimant's favor in finding that he suffered from an occupational disease. (*Matter of Goldberg* v. *954 Marcy Corp.,* 276 N. Y. 313.) Award affirmed, with costs to the Workmen's Compensation Board. Foster P. J., Gibson, Herlihy and Reynolds, JJ., concur.